# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# EASTERN DIVISION

KEITH THOMAS CARPENTIER,            PETITIONER
Reg. #40390-044

v.          2:17CV00052-JM/JJV

GENE BEASLY, Warden              RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

    The following recommended disposition has been sent to United States District Judge James M. Moody, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

    If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

    1.  Why the record made before the Magistrate Judge is inadequate.

    2.  Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

    3.  The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

**I.  BACKGROUND**

On March 31, 2017, Petitioner, Keith Carpentier, filed the instant Petition for Writ of Habeas Corpus. (Doc. No. 1.) Mr. Carpentier is serving a forty-six-month sentence at the Federal Correction Complex in Forrest City Low for possession of marijuana with intent to distribute and being a felon in possession of a firearm. (Doc. No. 8-1 at 2.)

Mr. Carpentier alleges prison officials violated his right to due process by unfairly finding him guilty of "possession of narcotics, drugs, intoxicants or related paraphernalia," and stripping away forty-one days good time.[1] (Doc. No. 1 at 2-3.) Petitioner seeks reinstatement of his forty-one days of good time. (*Id.* at 3.)

Respondent argues no due process violation occurred because he was given a fair hearing and his conviction is supported by "some evidence." (Doc. No. 8 at 4-7.) Respondent also argues that any delay in processing his grievance fails to amount to a constitutional violation.

After careful review of the pleadings in this matter, for the following reasons, I find Mr.

---

[1] Petitioner's sentence included 180 days loss of commissary, telephone, and visitation privileges, but this part of his sentence does not implicate a liberty interest.

Carpentier's Petition for Writ of Habeas Corpus should be dismissed.

## II. FACTS

On May 17, 2016, prison staff performed a random search of cube 129 in H-C unit. (Doc. No. 8-1 at 10.) "A wallet with the inmate identification card and medical duty status for inmate Carpentier, Keith, Reg. No. 40390-044 was found in this property. The wallet was found to contain green leafy substance inside of a piece of folded white paper." (*Id.*) The officer who found it stated, ". . . I located a black wallet with CARPENTIER's inmate identification card and a medical duty status form. Inside a slot of the wallet I located a small white folded up piece of paper with a green leafy substance inside it." (*Id.* at 13.) Prison officials sent the substance to the Arkansas State Crime Laboratory and the substance was determined to be "FUB-AMB" - a type of synthetic marijuana and a schedule I controlled substance. (*Id.* at 10.)

On August 30, 2016, an incident report was issued against Petitioner for violation of "BOP Code 113, possession of drugs/alcohol in a correctional setting." (Doc. No. 8-1 at 10.) The same day, Petitioner was given a copy of this report, which described the charges against him and notified him of his rights regarding the disciplinary hearing. *Id.* Petitioner was allowed to provide a statement and said, "It's not mine[.] I don't mess with that stuff. It was not in my locker." (*Id.*) I note that Mr. Carpentier also says - in his Petition - the substance is not his and the contraband was found in a common area outside of his locked locker. (Doc. No. 1 at 3.) Mr. Carpentier supports his claim by stating he was given and passed four urine tests while his cellmate was not tested or even questioned. (*Id.*)

On September 13, 2016, a hearing was convened. (Doc. No. 8-1 at 19-21.) Petitioner waived his right to call witnesses and to be represented by a staff representative. (*Id.* at 19.) He also acknowledged he had been advised of his rights by signing the inmate rights form on August

31, 2016.  (*Id*. at 17.)

Other than the incident report, the Detention Hearing Officer (DHO) considered the following when making her determination: (1) staff memorandum from Officer Thomas; (2) photograph of black wallet containing Petitioner's identification card and folded white paper with green leafy substance; (3) Arkansas State Crime Laboratory report; (4) sentry quarters data reflecting that Petitioner was assigned to the cell that was searched; and (5) controlled substance listing and data sheet; and (6) Mr. Carpentier's statements.  (*Id.* at 20.)  She concluded that, based on the evidence received at the hearing, "the greater weight of the evidence supports [the] finding [Mr. Carpentier] committed the prohibited act of . . . Possession of Narcotics."  (*Id.* at 20.)

## III.   ANALYSIS

The two-step analysis for Mr. Carpentier's denial of due process claim is:  (1) whether he has been deprived a liberty interest; and (2) "whether the *procedures* followed by [prison officials] were *constitutionally sufficient*."  *Swarthout v. Cooke*, 131 U.S. 859, 861 (2011) (emphasis added).  Upon establishing a liberty interest, the "Due Process Clause requires fair procedures for its vindication - and federal courts will review the application of those constitutionally required procedures."  *Id.* at 862.  Fair procedures include: (1) written notice of the violation at least twenty-four hours in advance; (2) the ability to call witnesses and present a defense as long as it does not jeopardize institutional safety or correctional goals; and (3) a written statement from an impartial decision-maker that identifies the evidence he relied upon when coming to the conclusion of disciplinary action.  *Wolff v. McDonnell*, 418 U.S. 563, 567 (1974).  And, importantly, prison disciplinary board findings must be supported by "some evidence in the record" in order to comport with due process.  *Superintendent, M.C.I., Walpole v. Hill*, 472 U.S. 445, 454 (1985).  The relevant question under the "some evidence" standard is whether there is any evidence in the

4

record that could support the conclusion reached by the disciplinary board. *Id.*

Without question Mr. Carpentier has a liberty interest in the loss of his forty-one days good time. But there were constitutionally sufficient procedures afforded to him when prison officials took away his forty-one days. Consistent with *Wolff*, Mr. Carpentier received written notice of the violation at least twenty-four hours in advance of the hearing, was afforded the opportunity to call witnesses and present a defense, and the impartial decision-maker has identified "some evidence" relied upon when coming to the conclusion of her disciplinary action. (*Id.* at 10-20.)

The Disciplinary Hearing Officer's findings are clearly supported by "some evidence" in the record. As previously stated, this included, *inter alia*, the: (1) Staff Memorandum from Officer Thomas; (2) photograph of black wallet containing Petitioner's identification card and folded white paper with green leafy substance; (3) Arkansas State Crime Laboratory report; (4) sentry quarters data reflecting that Petitioner was assigned to the cell that was searched; and (5) the controlled substance listing and data sheet. (*Id.* at 20.)

Additionally, I find no error with regard to the time it took to process his grievance. Respondent has provided persuasive authority on this point. (Doc. No. 8 at 6-7.)

In sum, because Petitioner was afforded constitutionally sufficient procedures and the Disciplinary Hearing Officer's findings are supported by some evidence in the record, Defendant's Petition for Writ of Habeas Corpus should be DISMISSED.

## III. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. The Petition for Writ of Habeas Corpus (Doc. No. 1) be DISMISSED, and the requested relief be DENIED.

DATED this 23rd day of May, 2017.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE